IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Laura Ann Toney,  Personal Representative for the Estate of Maxie Lee Thomas, Jr., | ) ) ) ) | C/A No.: 3:17-199-MBS-SVH |
| Plaintiff, | ) ) | REPORT AND RECOMMENDATION |
| vs. | ) ) | |
| United States of America, Acting through the Farmers Home Administration, United States Department of Agriculture;  Travis Windham, Sr.;  Travis Windham Jr.; and T.L.T. Holdings, LLC, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Laura Ann Toney, as personal representative of Maxie Lee Thomas, Jr.,
("Plaintiff"), proceeding pro se, filed this action against the United States of America,
acting through the Farmers Home Administration, United States Department of
Agriculture; Travis Windham, Sr.; Travis Windham Jr.; and TLT Holdings, LLC.
Plaintiff alleges the court has federal question jurisdiction under 28 U.S.C. §§ 1331,
1343, and 1367. [ECF No. 1 at 2].  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B)
and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review
such complaints for relief and submit findings and recommendations to the district judge.
For the reasons that follow, the undersigned recommends that the district judge dismiss
the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff has previously filed a complaint in this court alleging virtually identical facts that is currently pending before the court.  *See Toney v. Windham*, C/A No. 3:16-3993-MBS (D.S.C. Dec. 27, 2016) ("*Toney I*").[1] As in *Toney I*, Plaintiff alleges she is the sister of the late Maxie Lee Thomas, Jr., and the personal representative of his estate ("Thomas estate"). [ECF No. 1 at 3]. Plaintiff alleges she is the only heir to the Thomas estate and states she has an interest in property located at 71 Broad Acres, Bishopville, South Carolina ("Broad Acres"). *Id.* Plaintiff claims defendants[2] purchased Broad Acres in a foreclosure sale on December 7, 2016, but did not receive a deed to the property until December 22, 2016. *Id.* at 8. Plaintiff alleges defendants broke into the house on December 19, 2016. *Id.* Plaintiff claims defendants also cut down trees and stole her brother's personal property. *Id.* Plaintiff alleges she was "prevented from entering the premises without a 'Notice to Vacate' and the opportunity to get her brother's personal property." *Id.* Plaintiff claims she returned to Broad Acres on December 19, 2016, and discovered there was a person in the house. *Id.* at 15. Plaintiff states that she called law enforcement, and upon their arrival, she explained that she was the personal representative of the Thomas estate, the house was in foreclosure and had been sold, and defendants had not received a deed to the property and had broken into the premises. *Id.* Plaintiff alleges that on December 22, she discovered there was a no trespassing sign on

---

[1] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that the most frequent use of judicial notice is in noticing the content of court records); *Fletcher v. Bryan*, 175 F.2d 716, 717 (4th Cir. 1949).
[2] Plaintiff does not specify to which of "defendants" she refers.

the front lawn. *Id.* at 15–16. Plaintiff claims she "never received a Notice that the Defendants had received a deed to the property or a Notice to vacate the premises or time to get her brother's belongings out of the house." *Id.*

In addition to the allegations of *Toney I*, Plaintiff alleges Donald Tyler "withdrew from the case without proper notice and Mr. Taylor Peace began to represent the USDA without filing an Appearance in Court." *Id.* at 4–5. Plaintiff alleges "[t]he signature of the Honorable Judge James does not match the true signature of Judge James" and claims Tyler filed a forged substitute of attorney. *Id.* at 4. Plaintiff further contends the "deed executed by the Defendants on December 22, 2016, does not match the signature of Judge Stephen Bryan Doby." *Id.* at 7.

II.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint. Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.

3

1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Fed. R. Civ. P. 8 for "all civil actions"). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, even when the filing fee is paid, the court possesses the inherent authority to ensure that a plaintiff has standing, that federal jurisdiction exists, and that a case is not frivolous.[3] *See Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012); *see also Mallard v. United States Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

III.    Analysis

As in *Toney I*, the undersigned finds the court does not have subject matter jurisdiction over the allegations in Plaintiff's complaint. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of

---

[3] Plaintiff is not proceeding in forma pauperis.  Therefore, 28 U.S.C. § 1915(e)(2), which allows *sua sponte* dismissal of complaints that fail to state a claim, is inapplicable.

the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick*, *MD.*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Fed. R. Civ. P. 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" When a complaint fails to include "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley*, 191 F.3d at 399 (citation omitted). However, if the court, viewing the allegations in the light most favorable to a plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id*; *see also Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452–53 (4th Cir. 2012) (finding when the alleged federal claim is "'so insubstantial, implausible, foreclosed by prior decisions of

5

this Court, or otherwise completely devoid of merit as not to involve a federal controversy,'" then subject matter jurisdiction does not exist) (citation omitted).

Plaintiff alleges the court has jurisdiction over her claims pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. "[A] claim of federal question jurisdiction is to be resolved on the basis of the allegations of the complaint itself." *Burgess v. Charlottesville Sav. and Loan Ass'n*, 477 F.2d 40, 43 (4th Cir. 1973). Therefore, a complaint must "contain allegations 'affirmatively and distinctly' establishing federal grounds 'not in mere form, but in substance' and 'not in mere assertion, but in essence and effect.'" *Id.* (citing *Cuyahoga Co. v. Northern Ohio Co.*, 252 U.S. 388, 397 (1920)). "[T]he mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit." *Malone v. Gardner*, 62 F.2d 15, 18 (4th Cir. 1932).

Plaintiff alleges defendants forged (1) a substitution of attorney and (2) the Broad Acres deed in violation of 18 U.S.C. § 505 (prohibiting the forging of a judicial signature) and § 495 (prohibiting the act of forging a writing for the purpose of obtaining or receiving a sum of money from the United States or its officers or agents). [ECF No. 1 at 5–8]. Inasmuch as Plaintiff attempts to establish federal jurisdiction in this civil lawsuit based on Title 18 of the U.S. Code, which delineates crimes and criminal procedure, she fails. The government enforces criminal statutes within criminal cases, and individuals in civil cases cannot enforce criminal statutes. *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution."). A "private citizen lacks a judicially cognizable interest in the prosecution

6

or nonprosecution of another," so a criminal statute that only establishes a crime and punishment cannot be the basis for subject matter jurisdiction in a civil action. *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973). Accordingly, Plaintiff has failed to plead adequate facts to establish federal question jurisdiction over her forgery claims.

To the extent Plaintiff attempts to assert civil rights claims against defendants, she has alleged insufficient facts to demonstrate defendants[4] acted under the color of state or federal law, and purely private conduct is not actionable under § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 940 (1982). "Federal jurisdiction [does not] attach on the bare assertion that a federal right or law has been infringed or violated." *Burgess*, 477 F.2d at 43–44. Therefore, because Plaintiff has failed to assert a valid basis for federal subject matter jurisdiction,[5] the undersigned recommends this matter be summarily dismissed.

III.    Conclusion

For the foregoing reasons, the undersigned recommends the complaint be dismissed without prejudice and without issuance and service of process.

---

[4] Plaintiff makes no specific claim against the defendant sued as "United States of America, Acting through the Farmers Home Administration, United States Department of Agriculture."

[5] Plaintiff's complaint also fails to demonstrate sufficient facts to satisfy the requirements of 28 U.S.C. § 1332. Accordingly, the court does not have diversity jurisdiction over this matter.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

February 6, 2017                                      Shiva V. Hodges
Columbia, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).