IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Laura Ann Toney, Personal Representative for the Estate of Maxie Lee Thomas, Jr., <br><br> Plaintiff, <br><br> vs. <br><br> United States of America, Acting through the Farmers Home Administration, United States Department of Agriculture; Travis Windham, Sr.; Travis Windham, Jr.; and T.L.T. Holdings, LLC, <br><br> Defendants. | C/A No. 3:17-0199-MBS <br><br><br><br><br><br> **ORDER AND OPINION** |

Plaintiff Laura Ann Toney, personal representative of the state of Maxie Lee Thomas, Jr., proceeding pro se, filed a complaint on January 23, 2017, seeking a declaration that title to certain property is vested in her and that Defendants have no right, title, or interest in the property. Plaintiff asserts causes of action for Forgery of Substitute of Attorney and Failure of the Attorney for the USDA to Enter An Appearance by Mr. Taylor Peace (First Cause of Action); Forgery of the Deed (Second Cause of Action); Violation of Due Process (Third Cause of Action); Violation of SC Code 27-5-110 And Violation of SC Code 15-39-790 (Fourth Cause of Action; Grand Larceny and Unlawful Entry (Fifth Cause of Action); Violation of the SC Foreclosure Laws (Sixth Cause of Action); Intentional Infliction of Emotional Distress Against Plaintiff (Seventh Cause of Action); Conversion (Eighth Cause of Action); and Fraud/Fraud on the Court (Ninth Cause of Action).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred

to United States Magistrate Judge Shiva V. Hodges for pretrial handling. The Magistrate Judge reviewed Plaintiff's complaint and noted that Plaintiff previously had filed a complaint alleging virtually identical facts as set forth in the within action. See Toney v. Windham, C/A No. 3:16-3993-MBS-SVH ("Toney I"). The Magistrate Judge found that, as in Toney I, the court lacks subject matter jurisdiction over the complaint. The Magistrate Judge determined that, although Plaintiff contends in her complaint that the court has federal question jurisdiction, the only arguably civil rights claim raised by Plaintiff is not supported by facts sufficient to demonstrate that Defendants acted under color of state or federal law. The Magistrate Judge further observed that the court lacks diversity jurisdiction. Accordingly, the Magistrate Judge recommended that the complaint be summarily dismissed, without prejudice and without issuance and service of process. Plaintiff filed no objections to the Report and Recommendation.

      The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

      The court has thoroughly reviewed the record. The court concurs in the Report and Recommendation and incorporates it herein by reference. Plaintiff's complaint is summarily

dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

March 2, 2017

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**